IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GEORGE L. SAMPLE,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 13-cv-941-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner George L. Sample's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the Court denies Sample's motion.

**1. Background**

Sample pled guilty to one count of conspiracy to possess with intent to distribute five grams or more of crack cocaine. *See United States v. Sample*, Case No. 05-cr-40043-JPG. At sentencing, the Court found by a preponderance of the evidence that Sample's relevant conduct was at least 3,000 kilograms but less than 10,000 kilograms of marijuana equivalency units, which under United States Sentencing Guideline Manual ("U.S.S.G.") § 2D1.1 yielded a base offense level of 33. No adjustments were made to that level. With an offense level of 33 and criminal history category of IV, Sample's sentencing range was 188 to 235 months. The government, however, filed an enhancement pursuant to 21 U.S.C. § 851 subjecting Sample to a twenty-year mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(A). Consequently, pursuant to U.S.S.G. § 5G1.1(b), Sample's guideline sentence became 240 months. The undersigned Judge sentenced Sample to 240 months imprisonment and judgment was entered on November 20, 2006. Sample did not file a direct appeal

Thereafter, Sample filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 169) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. This Court appointed Sample counsel. Counsel filed a motion to withdraw and a "no merits" statement asserting she could make no non-frivolous arguments in support of Sample's request. *See Anders v. California*, 386 U.S. 738, 744 (1967). The Court granted counsel's motion to withdraw and denied Sample's motion for a sentence reduction finding that he could not establish that he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."[1] 18 U.S.C. § 3582(c)(2). Specifically, Sample was sentenced based on a statutory minimum rather than relevant conduct amounts. His sentence under both the old and amended guidelines would have been twenty years.

Presently before the Court is Sample's § 2255 motion, filed September 11, 2013, in which he argues that (1) his crack-cocaine sentence is in violation of his equal protection rights and (2) "the government failed to comply with 11(c)1(C) of the plea agreement." The Court will consider each argument in turn.

**2. Analysis**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29

---

[1] A defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

Prisoners used to be able to file motions under § 2255 at any time during their sentences. However, on April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, tit. I, § 106 (codified at 28 U.S.C. §§ 2244(a) & (b), 2255), which added a one-year limitations period for a motion attacking a sentence.  The one-year limitations period runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Where a petitioner does not file a direct appeal, the statute of limitations bars any § 2255 action commenced one year and ten days after sentencing.  28 U.S.C. § 2255; Fed. R. App. P. 4 (appeal in a criminal case must be filed within ten days of entry of judgment).

    **a.  Equal Protection**

Sample first argues that "the government ignoring the Equal Protection violation relies on a purely technical argument.  The government provides no convincing reason why ordinary guideline sentences and 'mandatory minimum' sentences should be treated differently." Doc. 1,

p. 19. Sample further argues that longer crack-cocaine sentences disproportionately impact African-Americans.

As an initial matter, the Court must determine whether Sample's equal protection challenge is timely. Here, Sample filed his § 2255 motion almost seven years after judgment was entered in his criminal case. He does not argue and it does not appear that a later statute of limitations is applicable to his equal protection argument. Accordingly, he clearly fails to meet the limitations period under (f)(1), and the Court denies Sample's motion on that ground.

Even if Sample had raised an equal protection argument within the applicable period of limitations, his argument would fail. The Seventh Circuit has considered and rejected similar equal protection arguments. *See United States v. Moore*, 644 F.3d 553, 557-58 (7th Cir. 2011). Under the equal protection analysis, rational basis review applies unless Sample can show Congress employed discriminatory intent when it enacted the crack-cocaine statute at issue. *Id*. Sample concedes there was no discriminatory intent. Further, in *Moore*, the Seventh Circuit explained that "[t]his is not one of those rare cases" where disparate impact alone demonstrates a discriminatory purpose. *Id*. at 558. As the Seventh Circuit further explained, the statute survives rational basis review because "[t]he crack-powder disparity is explainable on grounds other than race – namely, Congress's rational belief that crack cocaine offenses should be punished more severely than powder cocaine offenses." *Id*. Accordingly, Sample's equal protection argument fails on its merits.

### b. Plea Agreement

Sample next argues that the Government failed to comply with the plea agreement. First, Sample argues that the Government and Sample agreed that "the [G]overnment [would] accept Mr. Sample's account of the amount of relevant conduct he was responsible for," but it failed to do so in violation of the terms of the plea agreement. Sample further contends that his "account

of the amount of relevant conduct would have given Mr. Sample a guideline sentence." Doc. 1, p. 21. This argument necessarily fails because it is made well beyond the one-year limitations period and there is no applicable exception.

Next, Sample argues the Government failed to comply with section three, provision three found on page eleven of the plea agreement. The relevant paragraph reads as follows:

> Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the Defendant actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

Doc. 87, p. 11 in criminal case.

It is arguable that this claim may be timely under § 2255(f)(4). Nevertheless, Sample fails to make a showing that the Government failed to comply with this plea agreement provision. Sample has brought the instant collateral challenge and filed a motion in his criminal case for a sentence reduction based on Sentencing Guidelines amendments. The Government, as provided for in the plea agreement, opposed Sample's sentence reduction motion. Accordingly, Sample was able to exercise his rights to collaterally attack his sentence as provided for in the plea agreement. His sentence reduction motion, however, was without merit because Sample was sentenced pursuant to a mandatory minimum and thus the Sentencing Guideline amendments had no impact on his sentence. Accordingly, Sample has failed to make a showing that the Government did not comply with the plea agreement and his motion fails in that regard.

### 3. Certificate of Appealability

Having denied Sample's motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United

States District Courts; 28 U.S.C. § 2253(c).  Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  Sample has made no such showing.  Therefore, the Court denies a certificate of appealability.  Pursuant to Rule 11(a), Sample may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

4. **Conclusion**

Accordingly, this Court **DENIES** Sample's § 2255 motion (Doc. 1) and **DISMISSES** this action.  The Court **DIRECTS** the Clerk of Court to enter judgment accordingly and **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:** December 26, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**